UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:24-cr-00034 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| KOREY STREATER | ) | |
| | ) | |
| | ) | APRIL 8, 2025 |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S MOTION FOR RECONSIDERATION (ECF NO. 50)**

Kari A. Dooley, United States District Judge:

On February 7, 2024, a federal grand jury returned a two-count indictment against Defendant Korey Streater charging him in Count One with the Unlawful Possession of a Firearm by a Felon in violation of Title 18 United States Code Section 922(g)(1) and in Count Two, Possession with Intent to Distribute Controlled Substances in violation of Title 21, United States Code Section 841(a)(1) and (b)(1)(C). On July 22, 2024, Defendant filed a Motion to Suppress evidence seized from his vehicle on September 13, 2023, as well as statements that he made to law enforcement after the seizure as "fruits" of the unconstitutional search. ECF No. 28. He also requested an evidentiary hearing. *See* ECF No. 32. By decision dated November 21, 2024, the Court denied the Motion to Suppress. ECF No. 42. Defendant now seeks reconsideration of the Court's ruling and renews his request for an evidentiary hearing. The parties were previously advised at a Status Conference that the Motion for Reconsideration was going to be denied. *See* ECF No. 49. This Order follows and explains the Court's reasoning.

**Standard of Review**

A party seeking reconsideration of a Court's order bears a heavy burden. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (in general, three grounds

justify reconsideration of a court's ruling: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice"). In this context, "'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable.'" *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is also not appropriate to use a motion to reconsider "solely to relitigate an issue already decided." *Id*.

**Discussion**

In denying Defendant's Motion to Suppress, the Court concluded that the officers who stopped Defendant and then searched his vehicle had probable cause to do so based largely, though not exclusively, on information provided by a Cooperating Informant ("CI") that Defendant had both a firearm and controlled substances in his vehicle.[1] In opposing the Motion to Suppress, the Government provided several affidavits which detailed the CI's history of providing information to law enforcement; the historical accuracy of the information provided; the extent to which the information had assisted law enforcement efforts, and the ongoing nature of the CI's status as a source of information to law enforcement. In Reply, Defendant sought an evidentiary hearing to probe the accuracy of the assertions through cross-examination and to otherwise explore the CI's

---

[1] In so holding, the Court cited the following binding precedent: *Adams v. Williams*, 407 U.S. 143, 147 (1972) (police may rely on information provided by a confidential informant to establish probable cause where the information "carrie[s] enough indicia of reliability to justify the officer's [reliance]"); *United States v. Elmore*, 482 F.3d 172, 180 (2d Cir. 2007) (Information from an informant who is known to law enforcement requires less corroboration and may be relied upon in light of the historical reliability of the informant); *United States v. Soto*, 52 F. App'x 534, 535 (2d Cir. 2002) (quoting *United States v. Wagner*, 989 F.2d 69, 73 (2d Cir. 1993))("'[I]nformation provided by an informant from whom the government has received consistently reliable information in the past is likely to be sufficiently reliable to establish probable cause . . .'").

reliability in the probable cause determination.  In denying the Motion to Suppress and the request for an evidentiary hearing, the Court concluded: "[g]iven the CI's lengthy and proven track record of providing truthful and corroborated information, under the totality of the circumstances, law enforcement had probable cause to search the Defendant's vehicle."  ECF No. 42 at 9.

In seeking reconsideration of this decision, Defendant does not challenge the Court's analysis of the law regarding warrantless searches; the parameters of probable cause; or the good faith exception to the exclusionary rule.  Rather, Defendant challenges the Court's decision to make the probable cause determination without first convening an evidentiary hearing.  Citing, *inter alia*, *United States v. Martinez*, 992 F. Supp. 2d 322, 326–27 (S.D.N.Y. 2014), Defendant again raises questions left unanswered by the Government's affidavits and seeks the opportunity to get answers to these questions and to test the reliability of the CI at an evidentiary hearing.  Defendant, as he did previously, draws inferences from the information that is provided, as well as from information that he asserts was purposefully omitted.  The Court agrees with its sister districts that there may be circumstances where such an evidentiary hearing is warranted.  Indeed, in its decision, the Court cited *United States v. Shamsideen*, No. 03-CR-1313 (SCR), 2004 WL 1179305 (S.D.N.Y. Mar. 31, 2004), for that very proposition.  *See* ECF No. 42 at 10.  The Court concluded however, that unlike the situation in *Shamsideen*, the Court had adequate information to assess the "totality of the circumstances" and to determine whether there was probable cause to search Defendant's vehicle.  The Court is still of this view, the Motion for Reconsideration notwithstanding.

In sum, Defendant has not identified any controlling case law that the Court overlooked, or otherwise demonstrated that a manifest injustice would result if the Court's decision were not revisited and an evidentiary hearing convened.

Further, Defendant does not address the Court's additional finding that suppression would not be warranted even *in the absence of probable cause*, because the officers clearly would have had a good faith belief that probable cause existed to conduct the stop and the search. Defendant offers no argument that an evidentiary hearing would undermine this conclusion. Indeed, it would be pure speculation or conjecture to suggest that the hearing would not only undermine the Court's probable cause determination (which itself requires speculation) but would do so to such an extent as to bring into question the officers' good faith. *United States v. Smith*, 967 F.3d 198, 211 (2d Cir. 2020) ("the exclusionary rule applies only if the police have violated the Constitution deliberately, recklessly, or with gross negligence, or if a constitutional violation is the product of recurring or systemic negligence."). And as previously held, Defendant must offer "sufficiently definite, specific, detailed, and *nonconjectural*" information so as to enable the Court to conclude that there are contested facts which go to the validity of the search. ECF No. 42 at 9–10 (citing *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)).

**Conclusion**

For the foregoing reasons, the Motion for Reconsideration is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of April 2025.

                                               */s/ Kari A. Dooley*
                                               KARI A. DOOLEY
                                               UNITED STATES DISTRICT JUDGE